MOYES SELLERS & HENDRICKS
Stephen Brower (No. 024908)
Joshua T. Greer (No. 025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2170
Email: sbrower@law-msh.com
Attorneys for MR Capital, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| Keven Hutson, | Case No.: 2:15-bk-16235-MCW |
| Debtor. | Adversary No. 2:16-ap-00120-MCW |
| MR Capital, LLC, an Arizona limited liability company, | **ADVERSARY COMPLAINT** |
| Plaintiff | |
| v. | |
| Keven Hutson, | |
| Defendant | |

For its Complaint against Keven Hutson, MR Capital, LLC alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1. MR Capital, LLC is an Arizona limited liability company currently doing business in Arizona.

2. Keven Hutson is an individual residing in Arizona. Mr. Hutson is a chapter 7 debtor in bankruptcy case number 2:15-bk-16235-MCW.

3. Donita Cole is an individual residing in Arizona. Ms. Cole is a chapter 13 debtor in case number 2:15-bk-07045-EPB currently pending in this district.[1]

---

[1] In conjunction with the filing of this Adversary Proceeding MR Capital has filed a motion to transfer this case to Judge Ballinger. MR Capital is considering filing a motion to consolidate or jointly administer case number 2:15-bk-07045-EPB and 2:15-bk-16235-MCW.

00140265 5

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

5. This adversary proceeding constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (J) and (L).

6. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL ALLEGATIONS**

7. Upon information and belief, prior to February 21, 2008, Debtor and Ms. Cole were the owners of residential property located at 2033 East Oasis Street in Mesa, Arizona (the "Property").

8. On or about, February 21, 2008, Debtor and Ms. Cole executed a Deed of Trust encumbering the property for the benefit of Countrywide Bank (the "Deed of Trust").

9. The Deed of Trust was recorded in the office of the County Recorder as instrument number 20080172810.

10. The Deed of Trust secured a noted held by Countrywide Bank in the amount of $535,500.00

11. Upon information and belief, Debtor and Ms. Cole defaulted under the terms of the promissory note.

12. Ms. Cole filed for bankruptcy protection on June 8, 2015.

13. Ms. Cole failed to file her bankruptcy schedules in a timely manner.

14. Consequently, on June 23, 2015, Judge Ballinger entered an order dismissing Ms. Cole's case.

15. On July 8, 2015, the trustee under the Deed of Trust held an auction for the sale of the Property.

16. Debtor and Ms. Cole were notified of the foreclosure sale. Neither Ms. Cole nor the Debtor attempted to stay the foreclosure sale.

. . .

00140265 5

17. MR Capital, LLC purchased the Property at the foreclosure sale for $316,200.

18. On July 21, 2015, trustee provided MR Capital with a trustee's deed. The original trustees' deed had an error in the name of the Grantee. This error was corrected and a replacement deed was subsequently recorded.

19. MR Capital, LLC initiated a forcible entry and detainer action in the North Mesa Justice Court and served Debtor and Ms. Cole.

20. This action prompted Ms. Cole to file a motion to reinstate her bankruptcy case.

21. On July 23, 2015, Judge Ballinger entered an order reinstating the bankruptcy case; however, the Property had already been sold to MR Capital.

22. On July 30, 2015, MR Capital filed a motion for relief from the automatic stay for the purpose of continuing the previously filed eviction action against Debtor and Ms. Cole.

23. Ms. Cole contested the stay relief motion.

24. On September 28, 2015, Judge Ballinger granted MR Capital relief from the automatic stay in order to proceed with its eviction proceeding. The order stated that "Effective as of the date of this signed order, all stays, including without limitation, injunctions, restraining orders, and automatic stays provided by 11 U.S.C. § 362 are hereby immediately modified and terminated as regards to the Real Property located at 2033 E Oasis Street, Mesa AZ 85213."

25. Ms. Cole filed a motion for reconsideration of Judge Ballinger's ruling. Judge Ballinger denied the motion holding that Ms. Cole's claims need to be resolved in state court.

. . .

. . .

. . .

00140265 5

Case 2:16-ap-00120-MCW    Doc 1    Filed 03/01/16    Entered 03/01/16 17:09:05    Desc
Main Document      Page 3 of 7

26. Ms. Cole appealed Judge Ballinger's ruling and requested a stay from the District Court. The District Court rejected Ms. Cole's request for a stay. MR Capital moved to dismiss Ms. Cole's appeal. That motion is currently pending before the District Court.

27. On September 30, 2015, the North Mesa Justice Court entered judgment in favor of MR Capital and against Ms. Cole and Debtor in the amount of $3,355.00. The judgment indicated that a writ of restitution would issue on or after October 6, 2015.

28. On October 22, 2015, MR Capital filed a motion for relief from the automatic stay to exercise state law rights pursuant to the justice court judgment.

29. Ms. Cole opposed the stay-relief motion.

30. On December 9, 2015, Judge Ballinger held a hearing on MR Capital's motion. At the hearing, the Court ruled granting the motion for stay relief. The Court subsequently entered a formal form of judgment. The judgment permitted MR Capital to exercise its state law rights with respect to the state court judgment.

31. On December 30, 2015, the constable served a writ of restitution against the Debtor regarding the Property. The effect of the writ was to deliver possession of the Property to MR Capital.

32. After the constable served the writ, the Debtor commenced this bankruptcy proceeding.

33. The Debtor failed to file his schedules and this Court dismissed the Debtor's bankruptcy on January 15, 2016.

34. In January 2015, MR Capital notified Ms. Cole and Debtor that MR Capital was holding personal property of the prior residents pursuant to A.R.S. § 33-1368. This notice informed Ms. Cole and Debtor that MR Capital would dispose of the personal property if not claimed within 21 days from the date of the service of the writ of restitution.

. . .

00140265 5

35. On January 22, 2016, Ms. Cole filed a document entitled First Supplemental Exigent Emergency Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction Against All Defendants.

36. MR Capital opposed the motion.

37. On January 27, 2016, Judge Ballinger held a hearing on Ms. Cole's Exigent Emergency Petition. At the hearing, Judge Ballinger informed Ms. Cole that her property was subject to the Court's prior orders.

38. On January 29, 2016, MR Capital initiated and advertised the sale via an online well-known auction website (*i.e.*, Ebay) of the non-exempt property that was left on the Property by the former occupants

39. On February 1, 2016, this personal property was sold as a result of the public online auction. MR Capital applied the proceeds received from that sale to monies owed by the former occupants under A.R.S. § 33-1368 for moving and storage fees.

40. On February 2, 2016, the Debtor filed a motion to reinstate his case and a document entitled First Supplemental Exigent Emergency Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction Against All Defendants.

41. On February 16, 2016, Judge Ballinger held another hearing regarding Debtor's property. At the hearing, Ms. Cole and MR Capital informed Judge Ballinger that non-exempt property had been sold. Judge Ballinger explained to the Debtor the differences between exempt and non-exempt property. Judge Ballinger did not set any further hearings on the matter.

42. On February 18, 2016, this Court held a hearing on Debtor's Emergency Petition. This Court reinstated the automatic stay, but denied the relief requested in the Debtor's motion.

43. On February 22, 2016, the buyer of the personal property contacted MR Capital and informed MR Capital that he had retrieved all of the items of value to him.

The buyer told MR Capital that he would dispose of the remaining personal property at the remaining at the Property. The buyer informed MR Capital that the buyer would pay for the costs of the disposal.

44. On February 23, MR Capital informed the Debtor that he is welcome to any of the remaining property.

45. On February 23, 2015 the Debtor filed a document entitled Verified Exigent Emergency Petition for Violation of Judge's Order, Violation of Stay.

46. MR Capital opposes this motion.

47. The Debtor and Ms. Cole's repeated emergency filings have caused Debtor significant economic harm.

48. MR Capital has incurred over $7,000 in moving and storage costs related to the moving and storage of personal property that was on the Property.

## COUNT I
### (Declaratory Judgment)

49. MR Capital realleges and incorporates by reference the allegations set forth in the preceding and subsequent paragraphs as if fully set forth herein.

50. There exists a dispute between MR Capital, Ms. Cole, and Debtor regarding MR Capital's rights in the Personal Property and MR Capital's sale of Ms. Cole and Debtor's personal property pursuant to state law.

51. This dispute has resulted in Ms. Cole and Debtor filing numerous emergency petitions in an attempt to undo and relitigate the prior actions and rulings of the state and federal courts.

52. MR Capital respectfully requests the Court enter a declaratory judgment ruling that MR Capital has not violated the automatic stay as result of its actions in connection with the auction and sale of the personal property as referenced herein.

. . .

. . .

00140265 5

## COUNT II
### (Trespass)

53. MR Capital realleges and incorporates by reference the allegations set forth in the preceding and subsequent paragraphs as if fully set forth herein.

54. On July 21, 2015, MR Capital became the owner of the Property. On September 30, 2015, MR Capital obtained an eviction judgment against Ms. Cole and Debtor.

55. On December 30, 2015, the constable served a writ of restitution evicting the Debtor and Ms. Cole from the Property.

56. The Debtor and Ms. Cole refused to remove their personal property from the Property.

57. This failure to remove personal property constitutes trespass.

58. As a proximate result, MR Capital has incurred expenses and is entitled to an award of damages in an amount in excess of $7,000 for the packing, moving, and storing of this personal property.

WHEREFORE, Plaintiff hereby respectfully requests the following:

A. The Court enter a declaratory judgment establishing that MR Capital has not violated the automatic stay by the sale of Debtor's personal property;

B. Damages in an amount to be proven at trial; and

C. For such other relief as the Court may deem just.

DATED: March 1 2016

MOYES SELLERS & HENDRICKS

By:/s/ *Stephen Brower*
Stephen Brower
Joshua T. Greer
Attorneys for Plaintiff

00140265 5